IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | CASE NO.: 0:2024-CR-60114 |
| vs. | § | BEFORE THE HONORABLE ANURAAG SINGHAL |
| BETSCY KURIAN, | § | |
| Defendant. | § | |
| _____/ | | |

**DEFENDANT KURIAN'S CORRECTIONS/OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

**COMES NOW,** the Defendant, BETSCY KURIAN, by and through her undersigned counsel, and herein files corrections and objections to the Presentence Investigation Report ("PSR") pursuant to Fed. R. Crim. P. 32(f).

I. THE DEFENDANT SUBMITS THE FOLLOWING CORRECTIONS BELIEVED TO BE TYPOGRAPHICAL AND SCRIVENER ERRORS.

a. Page 12- Paragraph 44: There's a minor issue with the spelling of Ms. Kurian's place of birth. It should be Kottayam, India.

b. Page 13 – Paragraph 45: The report mentions that Ms. Kurian's sibling, Benoy John is employed in the litigation department. Mr. John works in the irrigation department.

c. Page 13 – Paragraph 46: There is a minor typographical error. Sharon's last name is spelled "Kurin," and it should be Sharon Kurian.

d. Page 13 – Paragraph 47: The report mentions that Ms. Kurian resided in India from 1965 to 2001. Ms. Kurian moved to Dubai in 1992 and live there for 9 years prior to arriving in the United States.

e. Page 13 -Paragraph 49: Ms. Kurian's race is listed as white. We are respectfully requesting that it be corrected to "Asian."



  f. Page 13 – Paragraph 51: The correct term for the device placed in Ms. Kurian's arteries after her heart attack is called a stent.

  g. Page 15 – Paragraph 61: The report states that Ms. Kurian has either two IRA accounts to her name or shared jointly with her husband Ajith Kurian. Ms. Kurian does not have two IRA accounts, nor does she share the Charles Schwab IRA account number ending in 9091 with Mr. Kurian. This account is solely Ajith Kurian's.

  h. Page 17 – Paragraph 62: The report again states that Ms. Kurian has two IRA accounts (x1188 and x9091). As stated above, the account ending in 9091 is solely Mr. Ajith Kurian's Charles Schwab IRA account.

  II. <u>THE DEFENDANT OBJECTS TO PARAGRAPH 68 DUE TO THE DEFENDANT'S FINANCIAL INABILITY TO PAY</u>

As noted by the probation officer, Ms. Kurian's employment with Chans Pharmacy ended in March 2024, and is related to the instant offense. Mr. Kurian's salary for the last three years has been relatively nominal- $63,607.50 for 2021; $51,600 for 2022; and $47,720 for 2023. Although the accounts listed are in both the Defendant's name and that of her husband, Ajith Kurian, the majority of the positive net worth is a result of Ms. Kurian's husband, Ajith Kurian's employment and investments. Ajith Kurian was not listed in the information nor is he related to the instant offense. Imposing any fine would therefore not punish the Defendant, Ms. Kurian, but rather would be a significant penalty against her husband who is an innocent owner of the funds. Additionally, Ms. Kurian is currently unemployed due in part to the condition of her health, therefore, her ability to pay is substantially limited.

  III. <u>THE DEFENDANT OBJECTS TO PARAGRAPH 100 REQUIRING THE DEFENDANT TO BE SURRENDERED TO THE CUSTODY OF THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT FOR REMOVAL PROCEEDINGS</u>

The Defendant objects to the request that she be automatically surrendered to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings. Although a person



can be placed in removal proceedings after pleading guilty to an offense, especially one involving moral turpitude, the proceeding is not automatic. Furthermore, neither United States Probation nor this honorable court possess the authority to either order or initiate removal proceedings. The determination that removal proceedings, or any immigration action, be initiated is within the purview of the Department of Homeland Security which is under the executive branch of government. The separation of powers clause of the United States Constitution prohibits one branch of government from invading the purview of another. (See Article I, §1, Article I, §8 and Article III, §1 of the United States Constitution.). This court ordering removal proceedings would be akin to the court ordering the Department of Justice to seek an indictment against a defendant. Accordingly, the special condition outlined in §100 of the Presentence Investigation Report is both unlawful and unenforceable. The Defendant objects to its inclusion, but also offers the following proposed language which would be lawful:

> "Following the completion of the Defendant's sentence she is ordered to comply with all orders and instructions by U.S. Citizenship and Immigration Services. If removed, the defendant shall not reenter the United States without prior written permission of the Secretary of the Department of Homeland Security. The term of supervised released shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of supervised release, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival."

RATZAN & FACCIDOMO LLC

2850 Tigertail Avenue,
Suite 400, Miami, FL 33133
Tel. 305.374.5730
Fax. 305.374.6755

www.rflawgroup.com

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that a true and correct copy of the foregoing was tendered CM/ECF to Clerk of Courts, Assistant United States Attorney Jaqueline DerOvanesian, and to United States Probation Officer, Clifford McKinney via Electronic Mail to: CliffordMcKinney@flsp.uscourts.gov on December 30, 2024.

        Respectfully submitted,

        RATZAN & FACCIDOMO, LLC.
        ATTORNEYS AT LAW
        2850 Tigertail Avenue
        Suite 400
        Miami, Florida 33133
        305 374-5730 Office
        305 374-6755 Fax
        jude@rflawgroup.com

By:   *s/Jude M. Faccidomo*
       Jude M. Faccidomo, Esq.
       FL. Bar: 0012554

